## Case No. 11,359.

### POWELL et al. v. REDFIELD et al.

[4 Blatchf. 45.] [1]

Circuit Court, S. D. New York.　April 21. 1857.

EQUITY—BILL TO COMPEL ELECTION AS TO WHICH OF TWO SUITS WILL BE PROSECUTED—SUIT ON REDELIVERY BOND—CONDEMNATION PROCEEDINGS AGAINST GOODS—UNDERVALUATION.

1. Semble, that, on a redelivery bond, given to the United States, under section 4 of the act of May 28, 1830, (4 Stat. 410), in the penalty of $20,000, on which the estimated value of the entry is endorsed as $3,357, and by a stipulation in which its penalty is to be deemed double that sum, it is not necessary that the United States should recover $20,000, if entitled to recover at

all, where the goods not redelivered are worth less than such estimated value.

2. Where a suit on such a bond is pending in the district court, this court has no authority, on a bill filed by the obligors in the bond, against the collector and the district attorney, to restrain them from prosecuting that suit, or to determine in advance how much may legally be recovered in it.

3. Nor, on such a bill, can this court interfere with another suit pending in the district court to condemn the goods specified in the entry, as forfeited to the United States, because of fraud or undervaluation in their invoice.

4. Nor, on such a bill, can this court compel the defendants to elect between such two suits, on the apprehension that there may be a recovery in the suit on the bond, for the non-delivery of goods which may be condemned as forfeited in the other suit.

5. A court of equity has no right to interfere with the strict legal rights of the United States under the revenue laws. Relief against the injustice of enforcing their provisions in respect to penalties and forfeitures, must proceed from the treasury department.

This was a bill in equity, to compel the defendants, [Heman J. Redfield and John McKeon,] the one as collector of the port of New York, and the other as district-attorney of the United States for the Southern district of New York, being the district in which that port is situated, to elect which one of two actions, now depending in the district court for that district, they would prosecute, and to abandon the prosecution of the other. The defendants demurred to the bill, and a motion of the plaintiffs [Alexander Powell and others] for a preliminary injunction, and the demurrer, were argued together. The first suit was upon a redelivery bond in the penalty of $20,000, on which the estimated value of the entry, out of which these three suits arose, was indorsed as $3,357; and, by a stipulation in the bond itself, its penalty was, for the purposes of these suits, to be deemed double that sum.

John S. McCulloh, for plaintiffs.
John McKeon, Dist. Atty., for defendants.

HALL, District Judge. It was assumed by the plaintiffs' counsel, that the United States, if they recovered at all, must recover the full amount of the $20,000 stated in the bond referred to in the pleadings, although the goods not redelivered, and the non-delivery of which constitutes the breach of the condition of the bond, were worth only one or two thousand dollars. This bond was taken under the fourth section of the act of May 28, 1830 (4 Stat. 410). Although the condition is not in strict accordance therewith, I do not perceive any reason for supposing that the United States must recover the sum of $20,000, if entitled to recover at all on the bond. But, however that may be, the plaintiffs have voluntarily assumed all the obligations which the bond imposes, and I do not understand that this court has any jurisdiction or authority to restrain the defendants from prosecuting in the district

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

court, in the proper and regular discharge and course of their official duties, for the purpose of recovering whatever the United States have a legal right to recover on such bond; or any jurisdiction or authority to determine, in advance of the decision of the suit there commenced, the ·amount which may be legally recovered therein. The right to recover, if any, is a strict legal right; and, whatever of hardship there may be in the case, this court has no power to remit or mitigate any forfeiture which has been incurred. The extent of such recovery is a proper subject for the decision of the district court, so far as it depends upon any question which is not a question of fact merely; and, as a pure question of law, is a proper question for the determination of that court, rather than of this court, sitting as a court of equity. If the decision of that court shall not be satisfactory, the party can present the questions involved, to this court, upon an appeal; but they cannot be determined in this court, in this suit.

It is also assumed that, in addition to the recovery of the whole value of all the goods mentioned in the invoice and entry referred to in the pleadings, or much more indeed than their whole value, in the suit on the re-delivery bond, the whole of the goods mentioned in such invoice may be condemned as forfeited to the United States, in the other suit which is being prosecuted in the district court, and that the probability of such injustice will justify the interference of this court. I do not understand how the goods not redelivered, and which, of course, were never seized, can be condemned in that suit; for a seizure must necessarily precede such a condemnation. If they have not been seized, they cannot be condemned, unless the plaintiffs, by giving a bond, or by their form of pleading, or by an omission to plead properly, in the suit for their condemnation, or otherwise, have admitted such seizure, or precluded themselves from denying it. But, if this has occurred, their proper remedy is by application to the district court, to amend their pleadings or proceedings. Certainly, they cannot make any such mistaken action of theirs the basis of this suit in this court. Therefore, the bill in this suit cannot be sustained on that ground.

But it is sought to sustain it on the further ground that, in the suit for condemnation, the United States seek to forfeit all the property mentioned in the invoice—the 42 casks of salted hides, as well as the 2 casks of skivers—whereas they had a legal right, under the true construction of the statute, to seize and condemn only the two casks of skivers, the fraud or under-valuation complained of being confined to those casks alone. I do not see how this claim on the part of the United States. even conceding it to be excessive and unauthorized, can confer jurisdiction upon this court. It presents a simple and pure question of legal interpre-

tation and construction, as applied to the revenue laws; and the district court is the court by which, under the acts of congress, these questions must, in the first instance, be decided. If the whole invoice be legally forfeited, I can find no authority for this court to restrain the condemnation of the whole; and, if the whole be not forfeited, I am bound to presume that the district court will so determine. The question is, most clearly, a proper question for the district court, as a court of law, and not one which this court, sitting as a court of equity, can decide. as peculiar to the exercise of its equitable jurisdiction.

But, it is assumed that, if the revenue laws have given to the United States a remedy on the bond, and also a farther remedy in the suit for a condemnation, in such manner that there may be a recovery in the suit on the bond, for a nondelivery of goods which may be condemned as forfeited in the other suit, this court may interfere and compel an election between the two suits. I am unable to see that this court could interfere even in that case. Suppose there had been a refusal to deliver each and every parcel of the goods invoiced, according to the condition of the re-delivery bond, that they had been fraudulently removed and secreted, and that the officers of the customs had followed them, ferreted them out, and seized them, could this court interfere to prevent a prosecution upon the bond, in addition to the suit for the condemnation of the goods seized? Or, suppose that a suit for the duties due upon the importation, another suit for a penalty for smuggling the goods, or an indictment for the same act, and another suit for the condemnation of the goods smuggled, were all brought, under the statutes authorizing such proceedings, could this court interfere and compel an election? I think not. The rights accruing to the United States under the revenue laws are strict legal rights, arising from positive provisions of acts of congress, frequently cumulative in their penalties and sanctions; and it is not infrequently the case, that their stringent enforcement operates harshly, and even unjustly. upon those who have inadvertently or unwittingly violated their provisions, and incurred the penalties and forfeitures and other punishments for which they provide. But this gives a court of equity no right to interfere, and, by injunction or decree, to virtually repeal the express provisions of a positive statute, or defeat their operation in the particular case. The remedy for these inevitable consequences of the strict and general provisions of those laws, which frequently impose a penalty or create a forfeiture where the party who is to suffer thereby has been innocent of all intention to defraud the revenue or evade the laws, is by an application to the secretary of the treasury, and not to the equitable jurisdiction of this court.

Whatever defence the plaintiffs have in

either of the actions mentioned in the bill, can be made in the district court, and, if they seek any equitable interference, they must seek it at the treasury department. The preliminary injunction must be denied and the demurrer be allowed, with costs.